The CONFEDERATED SALISH AND
KOOTENAI TRIBES et al.,
Plaintiffs-Appellants,

v.

James M. NAMEN et al., and City of Polson, a Montana Municipal Corporation, Intervenor, Defendants-Appellees.

No. 75–1106.

United States Court of Appeals,
Ninth Circuit.

May 12, 1976.

Richard A. Baenen (argued), of Wilkinson, Cragun & Barker, Washington, D. C., for plaintiffs-appellants.

Urban Roth (argued), Butte, Mont., and Sam Haddon (argued), Missoula, Mont., for defendants-appellees.

F. L. Ingraham (argued), Ronan, Mont., for intervenor.

Glen R. Goodsell (argued), Dept. of Justice, Washington, D. C., for amicus curiae.

OPINION

Before BARNES, SNEED and KENNEDY, Circuit Judges.

PER CURIAM:

Defendant-appellee Namen owns property bordering upon Flathead Lake, within the boundaries of the Flathead Indian Reservation in Montana. Namen is the successor in interest to an Indian allottee who, pursuant to the Indian Allotment Act of 1904 (33 Stat. 302) and amendments thereto, obtained from the United States a patent in fee covering the lakeside property in question. In connection with his business, Namen has constructed piers, wharves, and other structures related to navigation, which extend over the bed and bank of Flathead Lake.

The City of Polson, Montana was permitted to intervene as a defendant. The city also owns lakeside property within the Reservation, from which public docks have been constructed for recreational use.

The Confederated Salish and Kootenai Tribes brought suit in the District Court, seeking a declaratory judgment that Namen's waterfront structures were in trespass upon Indian property, and seeking injunctive relief prohibiting future trespasses and requiring demolition of existing structures. The bases for the requested relief were that, allegedly, (1) the Tribes, as beneficial owners of the lake bed, have the exclusive right to control its use; (2) allotments of lakeside property were never meant to convey riparian rights; and (3) no such rights exist at present because they are not recognized in the (allegedly controlling) tribal law.

In a carefully reasoned opinion, the District Court (Judge Jameson, presiding) granted partial summary judgment in favor of defendants, recognizing the existence of their riparian rights of wharfage and access to navigable waters, but reserving judgment on the question whether existing structures abused those rights. *Confederated Salish and Kootenai Tribes v. Namen*, 380 F.Supp. 452 (D.Mont.1974).

The Tribes appeal from the adverse summary judgment. This Court's jurisdiction is predicated upon 28 U.S.C. § 1292(a)(1), which allows appeals from interlocutory orders denying injunctive relief. We affirm.

The District Court concluded as a matter of law that allotments of land adjacent to the lake carried title only as far as the high-water mark of the lake, and that the United States, as trustee for the Tribes, holds title to the banks and bed of the lake. The District Court further concluded that since title to the lake bed is held by the United States, federal common law, and not state or tribal law, governs the existence of any riparian rights associated with Namen's property. Control of the lake bed was thus found to be analogous to federal trust ownership of navigable waters in territories prior to statehood.

The District Court found that riparian rights were not expressly created by either the treaty which created the Flathead Reservation (Treaty of Hellgate, 12 Stat. 975) or the statutes under which allotments of

Flathead Reservation property were granted. Nevertheless, drawing support from principles of federal common law (wherein riparian rights have traditionally been recognized; *see Potomac Steamboat Co. v. Upper Potomac Steamboat Co.,* 109 U.S. 672, 683, 3 S.Ct. 445, 451, 27 L.Ed. 1070, 1074 (1884)) and from the long history of navigation on Flathead Lake, the District Court concluded that Congress must have intended that grants of riparian lands under the Indian Allotment Acts should carry rights of access and wharfage. The District Court further concluded that to grant the relief requested by plaintiffs "would be a grievous injustice to the defendants and others in a similar position." 380 F.Supp. at 466. Accordingly, partial summary judgment was granted in favor of defendants.

After a careful review of the arguments made on appeal, we have concluded that the District Court's reasoning was correct. We therefore adopt Judge Jameson's opinion below as the opinion of this court.

AFFIRMED.